## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **NORMA WILLIAMS,** | ) **Case No.:** |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **SYNCHRONY BANK f/k/a** | ) **JURY TRIAL DEMANDED** |
| **GE CAPITAL RETAIL BANK,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NORMA WILLIAMS, ("Plaintiff"), by and through her attorneys, KIMMEL

& SILVERMAN, P.C., alleges the following against SYNCHRONY BANK f/k/a

GE CAPITAL BANK ("DEFENDANT"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Telephone Consumer Protection

Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which

states that such actions may be brought and heard before "any appropriate United

States district court without regard to the amount in controversy," and 28 U.S.C. §

1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Tennessee, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Jackson, Tennessee 38301.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with its principal place of business located at 950 Forrer Blvd., Kettering, OH 45420.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Plaintiff has a cellular telephone number.

10. Plaintiff has only used this number as a cellular telephone number.

11. Beginning sometime in or around April 2017, Defendant began placing repeated calls to Plaintiff on her cellular telephone.

PLAINTIFF'S COMPLAINT

12.     When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or a pre-recorded voice.

13.     Plaintiff knew that Defendant was using an automatic telephone dialing system and/or a pre-recorded voice as calls began with a noticeable delay before speaking to one of Defendant's representatives.

14.     Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect an alleged balance on her credit card.

15.     During the month of April 2017, Plaintiff spoke with Defendant and revoked any consent that may have been given to Defendant to call her cellular telephone number.

16.     However, Defendant continued to call Plaintiff through July 2017.

17.     Once Defendant knew its calls were unwanted there was no lawful purpose in continuing to call Plaintiff.

18.     Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

19.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

PLAINTIFF'S COMPLAINT

20.     Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

21.     Defendant's calls to Plaintiff were not made for emergency purposes.

22.     Defendant's calls to Plaintiff, on and after April 2017, were not made with Plaintiff's prior express consent.

23.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

24.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

25.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, NORMA WILLIAMS, respectfully prays for a judgment as follows:

a.     All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

PLAINTIFF'S COMPLAINT

b.      Statutory damages of $500.00 per violative telephone call

pursuant to 47 U.S.C. § 227(b)(3)(B);

c.      Treble damages of $1,500.00 per violative telephone call

pursuant to 47 U.S.C. §227(b)(3);

d.      Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e.      Any other relief deemed appropriate by this Honorable Court.


**<u>DEMAND FOR JURY TRIAL</u>**

   PLEASE TAKE NOTICE that Plaintiff, NORMA WILLIAMS, demands a

jury trial in this case.

                               Respectfully submitted,

Dated: July 25, 2017            By:    /s/ Amy L. Bennecoff Ginsburg, Esq.
                                Amy L. Bennecoff Ginsburg, Esq.
                                Kimmel & Silverman, P.C.
                                30 East Butler Pike
                                Ambler, PA 19002
                                Phone: (215) 540-8888
                                Facsimile: (877) 788-2864
                                Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT